UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 21-cv-23647-WILLIAMS/McAliley

GARY TITTLE,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE,

    Defendant.
_____/

## **DEFENDANT, CARNIVAL CORPORATION'S, REPLY IN SUPPORT OF ITS MOTION TO STRIKE COUNT III OF PLAINTIFF'S COMPLAINT**

Defendant, Carnival Corporation, by and through the undersigned counsel, and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, hereby files its Reply in Support of its Motion to Strike Count II of Plaintiff's Complaint, and, in support thereof, states as follows:

Plaintiff's Response [DE 7] relies entirely on *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164 (11th Cir. 2021), wherein he argues that the case set forth the standard that plaintiffs need not have evidence that a defendant was on notice to plead a theory of vicarious liability. *Yusko* establishes that there is no notice requirement for claims proceeding under a theory of vicarious liability—but that is not the issue here. Carnival's Motion instead argues that Plaintiff should not be allowed to plead multiple general negligence claims against it (i.e., negligent failure to warn and inspect/maintain/repair/remedy) which are based on allegations that Carnival was negligent via the actions of its crewmembers, as well as plead an independent cause of action under the theory of vicarious liability. This is redundant, unnecessary, and provides Plaintiff with multiple bites at the

same apple for the same factual allegations. *See Gonzales v. Carnival Corp.*, Case No. 20-cv-22342, D.E. 23 (S.D. Fla. Aug. 26, 2020) (Ungaro, J.); *see also Giambra v. Wendy's Int'l, Inc.*, No. 8:08-CV-2016-T-27EAJ, 2009 WL 1686677, at *2 (M.D. Fla. June 16, 2009); *Shaw v. Pizza Hut of Am., Inc.*, No. 8:08-CV-27-T-24-EAJ, 2009 WL 1519881, at *1 (M.D. Fla. June 1, 2009).

WHEREFORE, Defendant, Carnival Corporation, respectfully requests that this Honorable Court grant its Motion to Strike Count III of Plaintiff's Complaint and any other relief this Court deems just and proper.

Dated:  November 29, 2021
Miami, Florida

>Respectfully submitted,
>**FOREMAN FRIEDMAN, P.A.**
>
>BY: */s/ Darren W. Friedman*
>Jeffrey E. Foreman, Esq. (FBN 0240310)
>jforeman@fflegal.com
>Darren W. Friedman, Esq. (FBN 0146765)
>dfriedman@fflegal.com
>Marian L. Rivera, Esq. (FBN 127420)
>mrivera@fflegal.com
>One Biscayne Tower, Suite 2300
>2 South Biscayne Boulevard
>Miami, FL  33131
>Tel: 305-358-6555/Fax: 305-374-9077
>*Counsel for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on November 29, 2021. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

>BY: */s/ Darren W. Friedman*
>Darren W. Friedman, Esq.

**SERVICE LIST**
CASE NO: 21-cv-WILLIAMS/McAliley

| | |
|---|---|
| Spencer M. Aronfeld, Esq.<br>aronfeld@aronfeld.com<br>Abby H. Ivey, Esq.<br>aivey@aronfeld.com<br>Matthias M. Hayashi, Esq.<br>mhayashi@aronfeld.com<br>Aronfeld Trial Lawyers<br>One Alhambra Plaza, PH<br>Coral Gables, Florida 33134<br>Tel: 305-441-0440/ Fax: 305-441-0198<br>*Counsel for Plaintiff* | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>Darren W. Friedman, Esq.<br>dfriedman@fflegal.com<br>sargy@fflegal.com<br>lvargas@fflegal.com<br>Marian L. Rivera, Esq.<br>mrivera@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2300<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555/ Fax: 305-374-9077<br>*Counsel for Defendant* |