UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-23647-WILLIAMS/MCALILEY

GARY TITTLE,

    Plaintiff,

v.

CARNIVAL CORPORATION

    Defendant.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO AMEND

Plaintiff Gary Tittle has filed a Motion for Leave to File First Amended Complaint, which the Honorable Kathleen M. Williams referred to me for resolution. (ECF Nos. 4, 15). The Motion is fully briefed. (ECF Nos. 16, 18). This is an action for negligence under maritime law. The Complaint alleges that Plaintiff slipped and fell on a transient liquid substance on the Lido deck of the Carnival *Sunrise* as he walked to the elevators near midnight on August 25, 2021. (ECF No. 1). Plaintiff asserted five negligence-based claims arising from this incident. Plaintiff now seeks leave to amend his Complaint to assert an additional negligence claim, this time based upon Defendant's alleged over-service of alcoholic beverages to him on the date of his slip and fall. (ECF No. 15-1 at ¶¶ 91- 121).

On December 2, 2021, the Court entered a Scheduling Order which set a deadline of February 11, 2022 to amend the pleadings. (ECF No. 11 at 2). Plaintiff filed the instant Motion on April 27, 2022, more than two months after the court-ordered deadline. (ECF No. 15). Plaintiff argues that there is good cause for his delay, namely that he was unaware

1

of the extent of his alcohol consumption until Defendant produced a copy of his "sail and sign receipt" which showed the amount of alcoholic beverages "Plaintiff was served and/or consumed on the date of the subject incident." (ECF No. 15 at ¶¶ 2-4). Defendant produced the sign and sail receipt on April 15, 2022, (*id*. at ¶ 2), and Plaintiff moved to amend his Complaint less than two weeks later.

The parties do not argue that they will suffer prejudice if the Court allows Plaintiff to amend his complaint. Indeed, discovery does not close until July 29, 2022, and trial is currently scheduled for the two-week period beginning December 19, 2022. (ECF No. 11 at 1-2). Instead, Defendant argues that the Court should deny leave to amend because the deadline to amend pleadings has passed, and Plaintiff has not shown good cause to modify that deadline. (ECF No. 16).

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). However, once the Court enters a scheduling order setting a deadline to amend the pleadings, and a motion for leave to amend is filed after that deadline, Federal Rule of Civil Procedure 16(b) requires that the plaintiff demonstrate good cause for the amendment. Fed. R. Civ. P. 16(b)(4); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("[B]ecause [plaintiff's] motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").

2

"This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418. "A plaintiff lacks diligence when, prior to the scheduling order deadline, he either (1) had full knowledge of the information with which he later sought to amend his complaint, or (2) failed to seek the information he needed to determine whether to amend the complaint." *Donley v. City of Morrow, Ga.*, 601 F. App'x 805, 811 (11th Cir. 2015) (citing *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009)).

Defendant argues that Plaintiff did not act with diligence for two reasons: (1) "[t]here is no person better positioned to know what and how much alcohol Plaintiff consumed on the date of the subject incident than Plaintiff himself[,]" and (2) before Defendant produced the sign and sail receipt, Plaintiff admitted in an interrogatory response that on "[t]he night of the incident I may have also consumed long island ice teas." (ECF No. 16 at 3-4). The Court is not persuaded.

The focus of Plaintiff's proposed over-service claim is not just that Defendant served Plaintiff alcohol on the date of the incident but, in particular, that Defendant allegedly served Plaintiff an excessive amount of alcohol. (ECF No. 15-1 at Count V). The fact that Plaintiff remembered he "may have also consumed long island ice teas" does not demonstrate that Plaintiff also remembered the full extent of his alcohol consumption. Notably, the sign and sail receipt reflects that Plaintiff incurred more than 30 charges at various onboard bars on the day of the incident, 11 of which were incurred between approximately 5:45 p.m. and 11:15 p.m. (*Id*. at 19). When considering those facts, it is not

3

reasonable to assume, as Defendant does, that Plaintiff necessarily remembered the amount of alcohol he consumed on the date of the incident.

For the foregoing reasons, the Court concludes that Plaintiff has demonstrated good cause for amending his Complaint after the deadline set forth in the Court's Scheduling Order because the sign and sail receipt constitutes newly discovered evidence. Moreover, Plaintiff acted promptly in seeking amendment after receiving the sign and sail receipt from Defendant, and more than two (2) months remain in the discovery period, with trial more than six (6) months away. And as stated above, neither party argues that they will be prejudiced by the requested amendment.

Accordingly, the Court hereby **ORDERS** that Plaintiff's Motion for Leave to File First Amended Complaint, (ECF No. 15), is **GRANTED**. Plaintiff shall file his proposed First Amended Complaint, (ECF No. 15-1), as a separate docket entry **no later than May 31, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of May 2022.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Kathleen M. Williams
      Counsel of Record